UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EMERGENCY MEDICINE SPECIALISTS,

        Plaintiff,

v.

TOTAL HEALTH CARE USA, INC.,

        Defendant.

Case No. _____

Hon. _____

---

## NOTICE OF REMOVAL

Defendant Total Health Care USA, Inc. (Total) hereby removes this matter to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of this Notice of Removal, Total states as follows:

1.      On March 28, 2017, Plaintiff Emergency Medicine Specialists (EMS) filed a Complaint in the Third Judicial Circuit Court for the County of Wayne, Michigan. The case was assigned Docket No. 17-4895-CB. A copy of the Complaint is attached hereto as Exhibit A. A copy of the Summons is attached as Exhibit B.

2.      EMS served a copy of the Complaint, along with a Summons, on Total on April 3, 2017.

4841-6620-7303.6

3.     On April 13, 2017, EMS filed three motions for *pro hac vice* admission of three out-of-state attorneys to serve as Plaintiff's counsel in this matter. Copies of these Motions are attached as <u>Exhibit C</u>. EMS noticed a hearing on those motions for April 28, 2017, at 9 a.m. *Id.* In addition, the Court scheduled a status conference in this matter for June 27, 2017, before the Honorable Brian R. Sullivan. *See* Docket Printout, <u>Exhibit D</u>.

4.     The Summons and the Complaint constitute all of the process and pleadings served upon Total in this matter. *See* 28 U.S.C. §1446(a). Collectively, documents at Exhibits A through D represent all entries in this case in the Third Judicial Circuit Court for the County of Wayne, Michigan as of the date of this filing.

5.     EMS's Complaint asserts four counts: (1) a violation of the Michigan Uniform Trade Practices Act (MUTPA), *see* Mich. Comp. Laws § 500.2001 *et seq*. (referenced in the Complaint as the Michigan Prompt Pay Act, MCL § 500.2006); (2) breach of implied-in-fact contract; (3) unjust enrichment/breach of implied-in-law contract; and (4) a count for declaratory relief that Total is obligated to pay EMS's charges in full, consistent with Total's alleged obligations under the MUTPA.

6.     EMS's claims against Total are not based on any express contract. Indeed, EMS's Complaint acknowledges that EMS did not provide emergency

2

medical services to patients of Total's health plans pursuant to any express agreement with Total. Compl. ¶ 4.

7.      Despite being artfully pled under state-law theories, EMS's claims are completely preempted by federal law – in this case, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461. ERISA was enacted in order to create a consistent and coherent nationwide framework for regulating employee benefit plans. *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016); *Shaw v. Delta Air Lines Inc.,* 463 U.S. 85, 99 (1983). Under Section 502 of the ERISA, a plan participant, or its beneficiary, may bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and to "obtain other appropriate equitable relief" to redress violations of ERISA or the plan or "to enforce the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

8.      ERISA completely preempts "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy" provided in section 502(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 201 (2004). In the event a state-law claim is preempted by the ERISA, it is recharacterized as a federal one, giving rise to federal question jurisdiction for purposes of removal. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

4841-6620-7303.6

9.     Although the Complaint in this case alleges that EMS's claims "do not include any claims for services Plaintiff rendered to patients covered under any health plan subject to the federal Employee Retirement Income Security Act of 1974 (ERISA) or related regulations," Compl. ¶ 5, EMS's claimed damages of at least $500,000 since July 1, 2016, Compl. ¶ 8,  confirm that the dispute includes claims filed on behalf of individuals who participate in group health plans covered by the ERISA. Indeed, as of December 31, 2016, only approximately 5,000 of Total's members (or 15 percent of Total's overall member count) were covered by individual plans not subject to ERISA. (Exhibit E, Narowitz Decl. ¶5.) Approximately 28,000 members were enrolled in group health plans. (*Id.*) As of April 20, 2017, the total amount of claims submitted by EMS for services rendered after July 1, 2016 on behalf of the individual plan members was approximately $147,000, compared to approximately $807,000 in claims submitted on behalf of group plan members. (*Id.*) The difference between EMS's charges and Total's payments for individual members during the same time period was only around $93,000, compared to approximately $497,000 for group plan members. (*Id.*) Thus, the vast majority of claims at issue in the parties' dispute were submitted on behalf of group health plan participants.  Accordingly, it is apparent that EMS is seeking to recover on claims submitted on behalf of group health plan participants as part of this action.

4

10.     EMS alleges that its patients pay premiums to Total, and in exchange for these premiums, Total covers emergency medical services rendered by EMS. Compl. ¶¶ 16-18. Although a healthcare provider lacks independent standing to sue under Section 502(a)(1)(B), it is well established that a provider such as EMS is entitled to derivative standing if a participant or beneficiary has assigned to it the right of the participant or beneficiary to benefits under the plan. *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991). Total's plans allow assignment of benefits to providers.

11.     Despite EMS's artful pleading, its claims of breach of implied-in-law and implied-in-fact contract are subject to complete preemption under Section 502 of the ERISA. Multiple courts throughout the country have found similar provider actions to be preempted by Section 502, applying the preemption test in *Aetna Health Inc. v. Davila*, 124 S.Ct. 2488 (2004). *See, e.g.*, *Melamed v. Blue Cross of California*, No. CV 11-4540 PSG FFMX, 2011 WL 3585980, at *8 (C.D. Cal. Aug. 16, 2011), *aff'd*, 557 F. App'x 659 (9th Cir. 2014) (denying motion to remand where claims with regard to at least some patients identified in the Complaint could have been brought under ERISA and exist only because of those patients' enrollment in ERISA governed plans); *In re Managed Care Litig.*, No. 00-1334-MD, 2009 WL 7848517, at *4 (S.D. Fla. Mar. 27, 2009) (finding that, where "[t]he gist of Plaintiffs' quasi-contractual claims is Defendants' alleged underpayment for

5

the services provided to Defendants' insureds," the plaintiffs' sole remedy is an action under Section 502 of the ERISA); *Found. Ancillary Servs., L.L.C. v. United Healthcare Ins. Co*., No. CIV.A. H-10-1374, 2011 WL 4944040, at *1 (S.D. Tex. Oct. 17, 2011) (concluding that, where the parties have no provider agreement between them, the provider's right to payment under the patients' plans "is derivative of each patient's right under the applicable ERISA plan" and is subject to complete ERISA preemption); *Paragon Office Servs., LLC v. UnitedHealthGroup, Inc*., No. 3:11-CV-2205-D, 2012 WL 1019953, at *8 (N.D. Tex. Mar. 27, 2012) (concluding that at least a breach of implied contract claim was preempted by Section 502 where there was no independent contract between the provider and the plan administrator and therefore "[r]esolving this [claim] is possible only by reference to and interpretation of the patients' ERISA plans"). In the absence of the contract between the parties, EMS's claims of breach of implied contract and *quantum meruit* recovery are preempted by Section 502 of the ERISA for the same reasons.

12.    In addition, the rate of payment for out-of-network emergency services is addressed in the so-called "Greatest of Three" Rule issued jointly by the U.S. Department of Health and Human Services, the Department of Labor, and the Department of Treasury pursuant to the Patient Protection and Affordable Care Act, 42 U.S.C. § 300gg-19a (ACA).  *See* 45 C.F.R. § 147.138(b)(3). This Rule

4841-6620-7303.6

requires plan providers to pay the greatest of the following three amounts for out-of-network emergency services: (1) the insurer's in-network amount; (2) the usual, customary and reasonable (UCR) amount, or (3) the Medicare amount. *Id.* ("A group health plan . . . complies with the requirements of this paragraph (b)(3) if it provides benefits with respect to an emergency service in an amount at least equal to the greatest of the three amounts specified in paragraphs (b)(3)(i)(A),(B), and (C) of this section. . . ."). The provisions of the ACA are enforced through Section 502 of the ERISA. *Woldman v. Cty. Line Cartage, Inc.*, No. 01 C 9414, 2003 WL 22995161, at *4 (N.D. Ill. Dec. 16, 2003).

13.   In evaluating whether Total complied with the provisions of the ACA and its Greatest of Three Rule, the Court would be forced to evaluate whether provisions of the ERISA were violated. "[T]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants . . . were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Enforcing the Greatest of Three Rule outside of the ERISA regime would run contrary to the well-established principles of preempting "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy" provided in section 502(a).

4841-6620-7303.6

*Davila*, 542 U.S. at 201. This is an additional reason why EMS's claims in this case are completely preempted by Section 502 of the ERISA.

14.     Finally, EMS's claim under the MUTPA (as claims under other states' prompt pay statutes) is subject to ERISA preemption under Section 514.  *See Biondo v. Life Ins. Co. of N. Am.*, 116 F. Supp. 2d 872, 880 (E.D. Mich. 2000) (concluding that claims under the Uniform Trade Practices Act are preempted under ERISA); *Christman v. Coresource, Inc.*, No. 2:14-CV-1913, 2015 WL 10791973, at *7 (S.D. Ohio Aug. 26, 2015) (holding that a claim under the Ohio Prompt Pay Act was preempted by ERISA); *SLF No. 1, LLC v. United Healthcare Servs. Inc.*, No. 2:12-00070, 2014 WL 518222, at *3 (M.D. Tenn. Feb. 7, 2014) (finding ERISA preemption where the plaintiff appears to assert its prompt pay claim in its capacity as an assignee); *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 938 (M.D. Tenn. 2013) (finding that the Tennessee Prompt Pay Act claims were preempted by ERISA); *see also Schoedinger v. United Healthcare of Midwest, Inc.*, 557 F.3d 872, 875-76 (8th Cir. 2009); *Anschultz v. Connecticut Gen. Life Ins. Co.*, 850 F. 2d 1467, 1468-69 (11th Cir. 1988); *Ramirez v. Inter-Continental Hotels*, 890 F. 2d 760, 763-64 (5th Cir. 1989); *De Bruyne v. Equitable Life Ass. Soc. of the United States*, 920 F. 2d 457, 467-70 (7th Cir. 1990).  To the extent EMS argues that its claims under the MUTPA fall within the scope of the ERISA savings clause, 29 U.S.C. § 1144(b)(2)(A), such argument has

8

been squarely rejected in this District. *Biondo v. Life Ins. Co. of N. Am.*, 116 F. Supp. 2d at 880.

15.    Due to complete preemption of at least some causes of action under the ERISA, this case must be removed to federal court under 28 U.S.C. § 1441(a).

16.    Venue lies in the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 102(a)(1), 1441(a), and 1446(a).

17.    This Notice of Removal has been filed with the Clerk of the United States Court for the Eastern District of Michigan within thirty (30) days after service of the Complaint was effectuated on Total. Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

18.    Pursuant to 28 U.S.C. § 1446(d), Total will give written notice of this Notice of Removal to, and serve the same on, Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Third Judicial Circuit Court for the County of Wayne, Michigan.

19.    In filing this Notice of Removal, Total reserves any defenses available to it in this action.

**FOLEY & LARDNER LLP**

/s/ Norman C. Ankers
Norman C. Ankers (P30533)
Irina Kashcheyeva (P72575)
Attorneys for Defendant
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: 313.234.7175
Facsimile: 313-234-2800
nankers@foley.com
ikashcheyeva@foley.com

Dated:  April 24, 2017

10

4841-6620-7303.6

## CERTIFICATE OF SERVICE

I hereby certify that on **April 24, 2017**, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.  In addition, I have served a copy of the foregoing via U.S. Mail and email to Plaintiff's counsel of record at the following address:

> Fred K. Herrmann
> Jeffrey A. May
> Kerr, Russel and Weber, PLC
> 500 Woodward Avenue, Suite 2500
> Detroit, MI 48226-3427

A copy of the same filing was also filed with the Wayne County Circuit Court via its electronic filing system.

> /s/ Norman C. Ankers
> Norman C. Ankers