# **<u>EXHIBIT A</u>**

JP

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

EMERGENCY MEDICINE SPECIALISTS, PC,

               Plaintiff,

vs.

TOTAL HEALTH CARE USA, INC.,

               Defendant.

CASE NO.:      -CB

HON.      17-004895-CB

FILED IN MY OFFICE
WAYNE COUNTY CLERK
3/28/2017 11:02:32 AM
CATHY M. GARRETT

KERR, RUSSELL AND WEBER, PLC
Fred K. Herrmann (P49519)
Jeffrey A. May (P75842)
Attorneys for Plaintiff
Emergency Medicine Specialists, PC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3427
(313) 961-0200

## COMPLAINT

      There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint. This case involves a business or commercial dispute as defined by MCL 600.8031 and meets the criteria to be assigned to the business court.

    Plaintiff Emergency Medicine Specialists, PC ("EMS" or the "Plaintiff") by and for its Complaint against Defendant Total Health Care USA, Inc. ("Defendant") alleges as follows:

### Nature of the Action

    1.    This action arises out of Defendant's failure to fully and timely pay the Plaintiff for the emergency medicine services Plaintiff has provided and continues to provide to patients covered under the commercial, fully insured health plans underwritten and operated by Defendant (the "Health Plans") (beneficiaries covered under Health Plans for whom covered services were performed by Plaintiff but not reimbursed correctly by Defendant shall be referred to as

{37933/1/D1145388.DOCX;1}

"Patients"), in violation of Michigan's Prompt Pay Act (MCL 500.2006) and/or the implied-in-fact/implied-in-law contract between the parties.

2.      Defendant adjudicated as covered services and agreed to make payment for all of the claims at issue in this lawsuit, albeit at an amount below the required fair value of Plaintiff's services. Accordingly, this action does not involve any dispute concerning the Plaintiff's right to payments for any of the services provided to Patients that underlie its claims. This action does not include any claims arising out of the denial of benefits under any of the Health Plans, or the denial of coverage for any services performed for Patients. In this action, Plaintiff seeks to have Defendant comply with its obligation to timely and fully pay Plaintiff's "clean claims" within the meaning of MCL 500.2006(14)(a) ("Clean Claims") for the emergency medicine services provided to Patients pursuant to MCL 500.2006 and common law principles of *quantum meruit*, unjust enrichment, and implied-in-fact/implied-in-law contracts.

3.      Plaintiff is obligated by law to provide emergency medicine services to Patients, and Defendant has agreed that it owes payment to Plaintiff for its services to the Patients, as a result of the obligations Defendant has undertaken on behalf of the Patients.

4.      For all of the claims at issue in this action, Plaintiff provided emergency medicine services to Patients of Health Plans as nonparticipating providers, meaning that Plaintiff did not provide its services pursuant to an agreement with Defendant to accept discounted rates from the Defendant for Plaintiff's services and did not agree to be bound by Defendant's reimbursement policies or rate schedules (Plaintiff's claim for additional payments still due and owing from Defendant for emergency medicine services provided to Patients of Health Plans are hereinafter referred to as the "Non-Participating Claims").

{37933/1/D1145388.DOCX;1}                                    2

5.      The Non-Participating Claims on which Plaintiff brings suit in this action do not include any claims for services Plaintiff rendered to patients covered under any health plan subject to the federal Employee Retirement Income Security Act of 1974 (ERISA) or related regulations.

6.      For the Non-Participating Claims, Defendant has unilaterally and arbitrarily set the reimbursement rates paid to Plaintiff for its services at a certain percentage of the Medicaid reimbursement rate for those same services, which results in rates being paid that are significantly below the Plaintiff's billed charges for Clean Claims.

7.      Despite Defendant being aware that Plaintiff did not agree that its payments were sufficient for the services rendered to Patients and receiving a demand for additional payments due, Defendant has not suggested to the Plaintiff that the rates it unilaterally set for Plaintiff's services comply with the dictates of MCL 500.2006, let alone the reasonable value for the services rendered.  Instead, Defendant has argued that it considers the rates paid to be reasonable, without any justification or support for that position.

8.      Based on its unilateral and arbitrary reimbursement policy, Defendant has materially reduced payments for emergency medicine services provided by Plaintiff to Patients since July 2016 leaving a current total of more than $500,000 due and owing to Plaintiff for services already performed.  The amount due and owing from Defendant continues to accrue as new services continue to be performed by Plaintiff for Patients.

<u>**Parties**</u>

9.      Plaintiff EMS is a Michigan professional services corporation that provides emergency medicine services to patients at various hospitals in southeastern Michigan, with a principal place of business located at 17717 Masonic Boulevard, Fraser, MI 48026.    Plaintiff

{37933/1/D1145388.DOCX;1}                            3

issues bills for its services through its wholly owned subsidiary, Emergency Department Physicians, PC.

10.     Defendant is a Michigan corporation that offers commercial health insurance plans to employers and individuals in southeastern Michigan, with a principal place of business located at 3011 West Grand Boulevard, Suite 1600, Detroit, Michigan 48202.

### Jurisdiction and Venue

11.     The amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees.

12.     In addition to seeking damages, Plaintiff seeks equitable and declaratory relief over which the Court has subject matter jurisdiction.

13.     Jurisdiction and venue are proper pursuant to MCL 600.711, MCL 600.715, MCL 600.1621, and MCL 600.1627.

14.     An actual controversy exists between the parties which requires a declaratory judgment to determine their respective rights and legal relations, therefore declaratory judgment jurisdiction is proper in this Court pursuant to MCR 2.605.

15.     This case meets the statutory requirements for a business dispute as defined in MCL 600.8031 and should, therefore, be assigned to the Business Court.

### Facts

16.     Plaintiff is an emergency medicine group practice that staffs the emergency departments at hospitals or other licensed health care facilities 24 hours a day, seven days a week and provides emergency medicine care and related services to individuals, including Patients, presenting to those emergency departments.

17.     In exchange for premiums paid by or on behalf of Patients, Defendant pays for health care services rendered to Patients.

{37933/1/D1145388.DOCX;1}                                  4

18.     Plaintiff is obligated by federal law to examine any individual presenting to the emergency department and to provide stabilizing treatment to any such individual with an emergency medicine condition, regardless of the individual's insurance coverage or ability to pay.

19.     On or about December 15, 2004, the parties entered into a written letter of agreement effective January 1, 2005, that set forth the agreed-upon rate Defendant would pay for adjudicated and covered services that Plaintiff would provide to Patients ("Letter of Agreement").

20.     Between 2005 and the end of June 2016, Plaintiff provided professional emergency medicine services to Patients pursuant to the Letter of Agreement, and Defendant paid the agreed upon rate for those services pursuant to the Letter of Agreement.

21.     On or about May 24, 2016, Plaintiff sent written notice to Defendant that it was exercising its right to terminate the Letter of Agreement as of June 30, 2016, provided the parties could not reach a new agreement concerning an appropriate reimbursement rate on or before that date.

22.     Plaintiff terminated the Letter of Agreement because the contract rate, which had been in place for eleven years, had fallen unreasonably below the Plaintiff's billed charges and the reasonable value for the services rendered in the geographic area.

23.     Defendant responded by letter dated June 9, 2016, declaring that Defendant would pay Plaintiff only 200% of Medicaid rates for its services beginning July 1, 2016, and 230% of Medicaid rates for its services beginning July 1, 2017.  Those rates are substantially below the rates paid by private health insurers and patients for emergency medicine services in the community.  In its June 9, 2016 letter, Defendant acknowledged that its declared reimbursement rate was below the rate that Plaintiff otherwise may expect for emergency medicine services provided in their geographic area of service.

24.     Plaintiff did not agree to accept the rates set forth in Defendant's June 9, 2016 letter as fair, reasonable, or sufficient to compensate Plaintiff for its services.

25.     The Letter of Agreement terminated on June 30, 2016.  Without any further discussion or negotiation, on July 1, 2016, Defendant began paying Plaintiff the rate set forth in its June 9, 2016 letter for emergency medicine services Plaintiff provided to Patients.  Defendant knew this rate was substantially below Plaintiff's billed charges for its services and that Plaintiff did not agree to accept payment from Defendant of its artificially low rate.

26.     Since July 1, 2016, Defendant's payments to Plaintiff have been materially below (1) the Plaintiff's billed charges; (2) the rates other third-party payors have agreed to pay Plaintiff for the same services; and (3) the rate that Defendant itself has agreed to pay at least one other related medical services provider group for similar services in the same market.  For example, Defendant has agreed to pay an emergency medicine group affiliated with Plaintiff (Emergency Professionals of Michigan, P.C.) at the rate of 337.5% of Medicaid.

27.     Plaintiff did not agree to accept payment from the Defendant for the emergency medicine services provided to Patients at a rate below their billed charges for Clean Claims or to be bound by Defendant's reimbursement policies or rate schedules with respect to any of the Non-Participating Claims.

28.     All of the Non-Participating Claims at issue in this lawsuit have been adjudicated by Defendant and determined to be medically necessary, covered services for which Defendant is obligated to pay on behalf of the Patients.

29.     Defendant has refused to negotiate with Plaintiff to reach a mutually agreeable rate of payment for Plaintiff's services, and is therefore obligated to pay Plaintiff's Clean Claims in full pursuant to MCL 500.2006.

30.     Defendant has wrongfully limited payments to Plaintiff for its services to Patients by unilaterally implementing a payment rate arbitrarily announced in its June 9, 2016 letter.

31.     Defendant's payments to Plaintiff since July 1, 2016 have failed to comply with Michigan law, because Defendant has not paid Plaintiff the reasonable value of its services.

32.     Defendant continues to underpay Plaintiff for Non-Participating Claims arising out of covered emergency medicine services rendered to Patients.

33.     Going forward, Plaintiff seeks a declaratory judgment establishing the appropriate payment rate owed by Defendant for Non-Participating Claims arising out of covered emergency medicine services provided to Plaintiff, in order to avoid continued harm to the Plaintiff.

34.     Plaintiff also seeks recovery of the damages it has suffered, and continues to suffer, as a result of Defendant's failure to pay Plaintiff the fair market value of its emergency medicine services since July 1, 2016.

## COUNT I
### Violation of Michigan Prompt Pay Act (MCL 500.2006)

35.     Plaintiff re-alleges and restates paragraphs 1 through 34 above is if they were fully set forth herein.

36.     From July 1, 2016, to the present, and continuing, Plaintiff has undertaken to provide emergency medicine services to Patients, and Defendant has undertaken to pay for such services provided to Patients.

37.     From July 1, 2016, to the present, and continuing, Plaintiff has submitted to Defendant Non-Participating Claims seeking payment for emergency medicine services provided to Patients.

38.     Each of the Plaintiff's Non-Participating Claims (i) identifies both the health facility where the services where provided and the health professional who provided them,

{37933/1/D1145388.DOCX;1}                    7

including identifying numbers, sufficiently to verify affiliation status; (ii) sufficiently identifies the patient and health plan subscriber; (iii) lists the date and place of service; (iv) is a claim for covered services provided to a Patient; (v) substantiates the medical necessity and appropriateness of the service provided; (vi) identifies the service rendered using a generally accepted system of procedure or service coding; and (vii) includes all documentation necessary for Defendant to adjudicate the claim.

39.     Defendant did not notify Plaintiff of any reasons that prevented the Non-Participating claims from being Clean Claims. Plaintiff's Non-Participating Claims are therefore Clean Claims.

40.     Defendant failed to timely pay Plaintiff's charges on the submitted Clean Claims in full and within forty-five (45) days of receipt of the Clean Claims. Instead, Defendant unilaterally and arbitrarily paid Plaintiff amounts far below the amounts billed, leaving a substantial balance due on each of the Clean Claims submitted since July 1, 2016, long after that timely payment deadline, in violation of MCL 500.2006(8)(a).

41.     Defendant has communicated to Plaintiff its intent to continue paying Plaintiff less than its billed charges, and thus to continue violating MCL 500.2006(8)(a) by failing to pay Plaintiff's Clean Claims within forty-five (45) days of receipt.

42.     As a result of Defendant's continual violations of MCL 500.2006(8)(a), Plaintiff is entitled to an award of damages in the amount of its billed charges for all Clean Claims, less amounts paid, plus simple interest at the statutory rate of 12% per annum.

## COUNT II
### Breach of Implied-in-Fact Contract

43.     Plaintiff re-alleges and restates paragraphs 1 through 42 above as if they were fully set forth herein.

{37933/1/D1145388.DOCX;1}                                    8

44.     From July 1, 2016, to the present, and continuing, Plaintiff has undertaken to provide emergency medicine services to Patient, and Defendant has undertaken to pay for such services provided to Patients.

45.     Through the parties' conduct and respective undertaking of obligations concerning emergency medicine services provided to Patients, the parties implicitly agreed, and Plaintiff had a reasonable expectation and understanding, that Defendant would reimburse Plaintiff for Non-Participating Claims at a rate reflecting the reasonable value of Plaintiff's services in the marketplace.

46.     Beginning in July 2016, Defendant breached its agreement with Plaintiff by failing to pay the reasonable value of the emergency medicine services Plaintiff has provided, and continues to provide, to Patients.

47.     At all material times, Defendant knew that EMS had not agreed to accept payment for its emergency medicine services at a rate below the fair market value of Plaintiff's services in the marketplace, nor had Plaintiff agreed to be bound by Defendant's reimbursement policies or rate schedules.

48.     Plaintiff has performed all obligations under its implied contract with the Defendant concerning emergency medicine services to be performed for Patients.

49.     At all material times, all conditions precedent have occurred that were necessary for Defendant to perform its obligation to pay Plaintiff on the Non-Participating Claims at the reasonable value of the Plaintiff's emergency medicine services provided to Patients.

50.     As a result of Defendant's breach of the implied contract to pay Plaintiff on the Non-Participating Claims at the reasonable value for its services in the geographic marketplace,

Plaintiff has suffered injury and it is entitled to monetary damages from Defendant to compensate it for that injury.

51.     Plaintiff seeks an award of damages, in an amount that will continue to accrue through the date of trial as a result of Defendant's continuing breach of contract, equal to the difference between the reasonable value of the services it has provided, and continues to provide, to Patients and the amount Defendant actually paid for those services, plus interest.

**COUNT III**
**Unjust Enrichment/Breach of Implied-in-Law Contract**

52.     Plaintiff re-alleges and restates paragraphs 1 through 51 above as if they were fully set forth herein.

53.     Plaintiff conferred a benefit upon Defendant by providing valuable emergency medicine services to Patients with the commitment by Defendant that it would pay for those services based on the payment of premiums by, or on behalf of, Patients.   Defendant derives a benefit from Plaintiff's provision of emergency medicine services to Patients, because it is through Plaintiff's provision of those services while relying on Defendant rather than the Patients for payment, that Defendant fulfills its obligations and earns, in part, premiums paid by, or on behalf of, Patients.

54.     There is no dispute that the emergency medicine services at issue provided by Plaintiff were covered under the Patients' Health Plans, because Defendant adjudicated and paid for those services as covered, albeit at an amount less than the reasonable value of the services.

55.     Defendant voluntarily accepted, retained, and enjoyed, and continues to accept, retain, and enjoy, the benefits conferred upon it by Plaintiff, knowing that Plaintiff expects to be paid the reasonable value of its services.

56.     Defendant has failed to pay the reasonable value of the benefit conferred upon it by Plaintiff's performance of the emergency medicine services underlying the Non-Participating Claims.

57.     By underpaying Plaintiff on the Non-Participating Claims, Defendant has been unjustly and inequitably enriched at Plaintiff's expense.  Under these circumstances, it is unjust for Defendant to retain the benefit it received without paying the full amount of the value of that benefit; *i.e.*, by paying Plaintiff *quantum meruit* or the reasonable value of the emergency medicine services Plaintiff provided to Patients.

58.     Plaintiff seeks compensatory damages, in an amount that will continue to accrue through the date of trial, equal to the difference between the reasonable value in the marketplace of the emergency medicine services Plaintiff provided to Patients and the amount Defendant paid for those services

## COUNT IV
### Declaratory Relief Pursuant to MCR 2.605

59.     Plaintiff re-alleges and restates paragraphs 1 through 58 above as if they were fully set forth herein.

60.     Plaintiff seeks a declaratory judgment pursuant to MCR 2.605.

61.     There is an actual controversy between the parties concerning the amount Defendant must pay to Plaintiff to compensate it for emergency medicine services provided to Patients.  A declaratory judgment is necessary to resolve that controversy and avoid further ongoing and future harm to the Plaintiff.

62.     All interested parties are presently before the Court.

63.     A judicial declaration is necessary and appropriate to clarify the parties' respective rights and obligations.

{37933/1/D1145388.DOCX;1}                              11

64.     Plaintiff is entitled to a declaration that Defendant is obligated to pay Plaintiff's charges in full, and within forty-five days from the submission of all Clean Claims covering those services provided to Patients, pursuant to MCL 500.2006.

65.     Alternatively, Plaintiff is entitled to a declaration from this Court stating Defendant is obligated to pay Plaintiff's Non-Participating Claims at the rate of Plaintiff's billed charges, as the reasonable value of the emergency medicine services provided to Patients and submitted to Defendant for payment.

**WHEREFORE**, Plaintiff prays that this Court:

Enter judgment against Defendant and for Plaintiff on Count I in amounts representing the difference between the full amounts of Clean Claims submitted to Defendant for emergency medicine services Plaintiff provided to Patients on and after July 1, 2016, and the amounts arbitrarily and unilaterally paid by the Defendant on those Clean Claims.

Alternatively, enter judgment against Defendant and for Plaintiff on Counts II and III in amounts representing the difference between the amounts Defendant arbitrarily and unilaterally paid to the Plaintiff for emergency medicine services provided to Patients since July 1, 2016, and the reasonable value of those services in the market, as determined at trial.

Decree that Defendant must pay Plaintiff for all Clean Claims submitted for emergency medicine services to be provided to Patients in full and timely consistent with MCL 500.2006.

Award Plaintiff statutory interest of 12% per annum on all amounts found due under Count I, alternatively, at the applicable pre-judgment and post-judgment interest rates established by Michigan law on all amounts found due under Counts II and III.

Award Plaintiff its costs associated with this litigation.

Award such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 28, 2017

Respectfully submitted,

KERR, RUSSELL AND WEBER, PLC

By: /s/ Fred K. Herrmann
      Fred Herrmann (P49519)
      Jeffrey A. May (P75842)
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
fherrmann@kerr-russell.com
jmay@kerr-russell.com

*Attorneys for Plaintiff*
*Emergency Medicine Specialists, PC*

Of Counsel:

Michael R. Gottfried, Esq.
Steven M. Cowley, Esq.
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Telephone: 857.488.4200
Facsimile: 857.488.4201
MRGottfried@duanemorris.com
SMCowley@duanemorris.com

Gregory A. Brodek, Esq.
Duane Morris LLP
88 Hammond Street, Suite 500
Bangor, ME 04401-4953
Telephone: 207.262.5400
Facsimile: 207.262.5401
GABrodek@duanemorris.com